SOA`IMAILE A. SILILA, Claimant

v.

ASOFA`AFETAI AILUA MAGA, Counter-claimant

[In re Matai Title "UTOFILI" from the Village of Fagaitua]

High Court of American Samoa
Land and Titles Division
MT No. 04-01

October 23, 2002

Before KRUSE, Chief Justice, ATIULAGI, Associate Judge, MAMEA, Associate Judge, and TUPUIVAO, Associate Judge.

Counsel: For Claimant, Soli S. Aumoeualogo
For Counter-claimant, Tauivi Tuinei

DECISION AND ORDER

This matter came on regularly for trial on September 26, 2002, with both parties appearing with counsel.

## Findings

The court having heard the evidence and examined the proofs presented makes the following A.S.C.A. § 1.0409(c) findings:

1. <u>Best Hereditary Right</u>

There is no dispute that claimant Soa`imaile A. Silila ("Soa`i") here prevails; her grandfather was a past titleholder. On the other hand, counter-claimant Asofa`afetai Ailua Maga ("Aso") had to trace his bloodline back several generations since most of the immediately past *matai* have come from Soa`i's side of the family. While satisfied that both candidates are blood connected to the Utofili title, we find, using the

traditional rule, that Soa`i prevails on this consideration.

### 2. Wish of the Clans

■ Both sides acknowledge the existence of two clans as customary today in the Utofili family. While the parties were not particularly clear on clan definition and while not in exact agreement as to family labels assigned to the clans,[1] the parties were clearly in accord as to the existence of two distinct family branches. These clans respectively gave past Utofili titleholders such as Mativa, Soa`i's paternal grandfather, and Vaimauga, Aso's paternal uncle. Soa`i is from Mativa's branch while Aso hails from Vaimauga's side of the family. For the sake of convenience, we refer, for these purposes only, to the two family branches as being Soa`i's side on the one part and Aso's side on the other.

The evidence alluded to a number of family meetings called to address the *matai* vacancy and that these meetings invariably resulted in favor of Aso succeeding to the title. Soa`i, on the other hand, testified and maintained that these meetings only involved Aso's side of the family and not her's.

We find that notice reasonably calculated to reach Soa`i was given for at least two family meetings which she did not attend. We further find that there was at least one family gathering that was publicly noticed through the media and was attended by members of both clans, including members of Soa`i's immediate family. We find that this meeting concluded in a family consensus to not only appoint Aso as the successor *matai* but to present him the `ava cup as well. There, the `ava cup was indeed presented to Aso before the assembled clans, significantly without objection.

We are satisfied on the evidence that Aso's candidacy enjoys the support of all of the family's clans.

### 3. Forcefulness, Character and Personality, and Knowledge of Samoan Customs

While these factors tend to lend themselves to subjective assessment, we find that the parties's personal achievements demonstrably favor a finding in favor of Aso in terms of forcefulness. His education, career, and positions held within his church speak somewhat louder in terms of ambition and personal accomplishment. Judging by the number of

---

[1] Soa`e labels the clans as *Fa`atauva`a* and *Vaimauga* while Aso refers to the clans as *Mativa* and *Iela*.

important government commissions to which Aso has been appointed, his achievements have also apparently weighed with the American Samoa Government.

■ On matters of character and personality, we were differently impressed with the parties' respective reaction to the family's decision on Aso's succession. Rather than immediately offering the *matai* title for registration with the Territorial Registrar's Office, following the family's favorable decision, Aso delayed doing so first seeking reconciliation with Soa`i. The latter's response, however, was confrontational in essence, as she then offered the title herself for registration, absent any indication of family endorsement, and in effect attempting to by-pass the family altogether. In terms then of character and personality, we find Aso to be more conciliatory in tone and outlook. These are valuable personal traits showing the more promising aptitude for enhancing family harmony.

With regard to knowledge of Samoan customs, we find that Aso's experience and responses to the Associate Judges' questions, demonstrated better familiarity with matters of Samoan customs.

In terms of this third criterion, we conclude that Aso prevails.

4. Value to government, village, and family

We have already alluded above to Aso's demonstrated value to the Government on the basis of his membership on a number of important government commissions. These include membership on the Board of Higher Education; HIV-AIDS Committee; Department of Health's Executive Committee; Tobacco Control Committee; the Data Committee; Preventive Health Committee; Dog Control Program Committee; and the hospital's Disciplinary Actions Committee. While both parties have served the local government admirably in their respective career positions, Aso emerges ahead on this factor with his appointment to the various government commissions he has been called to serve on.

With regards to value to the village, Aso's involvement with village affairs has been more pronounced in terms of his service as a lesser *matai* of the Utofili family, his attendance to village council gatherings and participation in village fund raising. As a lesser *matai*, and since assuming the mantle of family spokesman by his being awarded the `ava cup, Aso has enjoyed some measure of recognition and stature as spokesman on inter-family occasions. At the same time, since he enjoys strong family support and following, he is, therefore, better situated to lead the family and take on the burdens and responsibilities of family *sa`o*. Coupled with his conciliatory strengths, Aso quite clearly shows the stronger potential to serve the family more effectively.

We also find that Aso prevails on this criteria.

### Conclusions

On the foregoing, we conclude that Aso is qualified to hold the title Utofili. While Soa'i prevails on hereditary considerations, Aso prevails over Soa'i on the second, third, and fourth criteria. The Territorial Registrar shall, in accordance with A.S.C.A. § 1.0409(b), register the *matai* title Utofili, attached to the Village of Fagaitua, in candidate Asofa'afetai A. Maga.

It is so ordered.